UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT NASH,<br>    Plaintiff, | Case No. 1:21-cv-374 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| SHERIFF JIM O'NEAL, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a prisoner at the Southeastern Correctional Institution, has filed this prisoner civil rights action seeking a writ of mandamus.[1] However, because the undersigned determines the Court is without jurisdiction over the petition, it is recommended that this matter be dismissed.[2]

Plaintiff alleges that on October 30, 2020, he was convicted and sentenced to a twenty-four month prison sentence to be served in the Ohio Department of Rehabilitation and Correction (ODRC) in Hamilton County, Court of Common Pleas case number B-1905613. (Doc. 1 at PageID 1). According to plaintiff, he "has been confined within the Hamilton County (Ohio) Justice Center's jail detainment facility for approximately sixty-two (62) days awaiting transportation to the Correctional Reception Center in Orient, Ohio where he is to begin serving his stated, definite prison term." (*Id.*). Plaintiff claims that the delay in transferring him to the ODRC deprived him of his ability to earn credit to reduce his prison sentence under Ohio Rev. Code § 2967.193. (*Id.* at PageID 3). As relief, plaintiff seeks a "writ of mandamus compelling Hamilton County (Ohio) Sheriff Jim O'Neal to transport [plaintiff] to the custody of the Ohio

---

[1] On June 7, 2021, the undersigned issued a Deficiency Order requiring plaintiff to pay the filing fee in this action or move for leave to proceed *in forma pauperis*. (Doc. 2). Plaintiff has now paid the filing fee. (*See* Doc. 3).

[2] Where there is no basis for federal jurisdiction apparent on the face of a complaint, a court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *See Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at **2 (6th Cir. 1999).

Department of Rehabilitation and Correction, forthwith." (*Id.*).

The petition is subject to dismissal. As an initial matter, plaintiff is currently in custody at the Southeastern Correctional Institution—an ODRC facility—and is no longer in the custody of the Hamilton County Sheriff. Review of plaintiff's trial court docket records further indicates that plaintiff was in ODRC custody as early as February 10, 2021, when plaintiff filed motions for jail time credit and for judicial release.[3] Article III, § 2 of the United States Constitution limits the federal judicial power to the adjudication of cases and controversies. In this case, because plaintiff is already in ODRC custody, his petition seeking transfer to the custody of the ODRC is moot and the petition should be dismissed for lack of jurisdiction.

In any event, under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In this case, because plaintiff "seeks an order compelling a state official to act, this Court has no authority under the mandamus provision to grant him the relief he requests." *Ruiz v. Oklahoma Cnty. Sheriff's Office*, No. CIV-07-43-C, 2007 WL 950367, at *2 (W.D. Okla. Mar. 27, 2007). *See also Myers v. Steube*, No. 8:09-cv-380, 2009 WL 591491, at *3 (M.D. Fla. Mar. 6, 2009) (finding no jurisdiction to issue a writ of mandamus against a county sheriff); *Hoodenpyle v. El Paso Dist. Court*, No. 08-cv-1710, 2008 WL 4327257, at *1 (D. Colo. Sept. 18, 2008) (dismissing mandamus action against a county sheriff because the sheriff and other defendants were not officers or employees of the United States).

---

[3] Plaintiff's motions indicate that he was located at the Correctional Reception Center at this time. Viewed at https://www.courtclerk.org/ under Case No B-1905613. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

Accordingly, because plaintiff is already in ODRC custody and the Court does not otherwise have jurisdiction to grant plaintiff the relief he seeks, the petition for a writ of mandamus should be dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The mandamus petition be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 7/23/2021

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT NASH,  
    Plaintiff,

vs.

SHERIFF JIM O'NEAL, et al.,  
    Defendants.

Case No. 1:21-cv-374

Dlott, J.  
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).